A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Robert Clark                                          #611786
                                                      Inmate (DOC) number

(Enter above the full name of
each plaintiff in this action.)

VERSUS

James LeBlanc, Secretary of Department

of Public Safety and Correction

(D.O.C.) (see attachment)

all defendants are being sued in his/her individual and official
(Enter above the full name of                      capacities
each defendant in this action.)

## Instructions for Filing Complaint by Prisoners
## Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

**IF YOU ARE A PARISH PRISONER**, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

**IF YOU ARE A D.O.C. PRISONER**, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Corrections.

**All copies of the complaint must be identical to the original.**

The names of **all parties** must be listed in the caption and in part III of the complaint **exactly**

## ADDITONAL DEFENDANTS

Captain _____ aka (Big Sexy)

Lt. _____ Franklin

Lt. Colonel Chad Oubre

Classification Officer, Mr Darryl Lee

James Leblanc, Secretary of D.O.C.

Jeff Travis, Policy-Maker/Approver

Assistant Warden, Barret Boeker

Warden Burl Cain Policy, (Unit Head) Maker/Approver

Warden Darrell Vannoy (Unit Head) Policy-Maker/Approver

Trish Foster (Warden Designee)

Captain Melissa Butler, Disciplinary Board Office

Tim Delaney Assistant Warden II./Ad Bld.

Chad Menzina, Assistant Warden III,

Deputy Warden Leslie Dupont

the same.

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 350.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. **THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.**

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I.  Previous Lawsuits

   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?  Yes ( ) **No ( X )**

   B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1. Parties to this previous lawsuit
      Plaintiff(s): Not Applicable

      Defendant(s): Not Applicable

   2. Court (if federal court, name the district; if state court, name the parish): Not Applicable

   3. Docket number: Not Applicable

2.

4. Name of judge to whom case was assigned: N/A

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): N/A

6. Date of filing lawsuit: N/A

7. Date of disposition: N/A

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?   Yes (X)   No ( )

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.
See Additional sheet for names, docket number and districts

II. Place of present confinement: Louisiana State Prison, Angola, La.

A. Is there a prisoner grievance procedure in this institution? Yes (X) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes (X) No ( )

C. If your answer is YES:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. ARP # 2016-0845; and LSP-2016-0629

2. What steps did you take? Steps 1 and 2 on ARP #2016-0845 and Step 1 only in ARP LSP-2016-0629, ARP 0845 is a summarized version of ARP 0629

3. What was the result? Request for Relief denied in full

D. If your answer is NO, explain why not: Not Applicable

3.

III. **Parties**

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Robert Clark #611786
   Address Louisiana State Prison, Geberal Delivery, Angola. La 70712

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant James LeBlanc is employed as Secretary of Corrections at La. Department of Public Safety

C. Additional Defendants: Cadet A. Robinson, Louisiana State Prison, Lt. Franklin Lt. Col. Chad Oubre, both are employed at Louisiana State Prison, Mr. Darryl Lee, Classification Dept. Louisiana State Prison, Assistant Warden Barret Boeker, Captain Melissa Butler, Jeff Travis (former Department of Corrections (East Feliciana Sherriff's Office)

IV. **Statement of Claim**

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On or about, December 10, 2015, I was placed in Segregation for suicide watch at approximately 11:00 a.m.. I spoke with a social worker and told her, "I no longer felt suicidal." I explained that I attempted to commit suicide the night before because I am manic depressant and I was being sexually harassed on the teir I was living on by inmates and after notifying the Captain of my need for help, he ignored me and disregarded my complaint leaving me in despair. I was moved to a new housing location on December 10, 2015, (Camp C, Jaguar 2/R). On December 15, 2015, security attempted

See Attached pages for Statement of Claim (continued)

4.

V. **Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. I request that inmates in Adm. Seg. be housed with inmates of their own custody level. I request that stays in Adm. Seg. be reduced to a thirty day minimum. I request that inmates in P.H.D. not to be housed with inmates of any other statuses

Statement of Claim (continued on additional pages)

VI. **Plaintiff's Declaration**

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any cost assessed by the Court, which, after payment of the partial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this ___13___ day of __July_____, 2016.

_____Robert Clark_____
Signature of plaintiff(s)

5.

## STATEMENT OF CLAIM CONTINUED

to move me back to Jaguar 1-L, the tier where the sexual harassment had taken place and I refused to go. I requested and was seen by Ms. Michael (Social Worker) who assured me that I would not be placed on this tier again. Ms. Michael placed me on suicide watch again. Subsequently, I was placed in Camp-C's Adm. Seg., in a suicide cell. I was placed in this cell naked except for a paper gown, paper sheet and suicide mattress. All other property was placed storage.

On December 16, 2015, I spoke with Mr. Lee (Classification) and Ms. Michael (Social Worker) took me off suicide watch. Security, gave me a filthy jumper and regular mattress.

On or about, December 18, 2015, I was taken to a disciplinary board hearing and plead guilty to refusing to go back to Camp-C's, Jaguar 1-L. The board then sentenced me to another extended lockdown and eight weeks loss of phone privileges. The transfer was not immediate, therefore, I remained in Adm. Seg., pending transfer for a total of sixty-three (63) days.

I am alleging that the rigorous conditions of Adm. Seg., at Louisiana State Penitentiary deprived me of the minimal necessities of civilized life and violated my rights through extreme deprivations which caused and continues to cause profound psychological and physical suffering.

### Administrative Seg.

(AKA "the dungeon") as referred to herein comprises of the following housing areas: CBB Upper; CBD; Hawk 1-R; T-U Upper E; Tiger 1/L and 1/R; and Camp J, Gar 1-R.

Inmates in the dungeon are confined to cells for a variety of non-punitive reasons. Some are pending investigation of potential disciplinary charges, others are awaiting a hearing after charges are filed, some are confined for protective reasons, security risk, or because after a hearing their housing has been changed and they await transfer to their new housing assignment, still others are on hunger strike or suicide watch. These all break down into the following categories:

Pre-hearing Detention (PHD)
Transit Status
Protected Custody (P.C.)
Suicide Watch (watch)

### Classification:

Inmates in Adm Seg. spend a substantial amount of their time. On February 12, 2016, Mr. Lee a classification officer told me "they" want everyone to do at least 90 days in Adm Seg. Before transferring them." When asked who 'they' are he responded, "rank".

Classification officials, which are present at all disciplinary hearings, and protection concern hearings, knowingly assign inmates to housing areas, and/or custody's, and/or programs which they know are full and will not have bed space for weeks or months. Security also plays a part in these assignments where they must agree to the 'board' decision. This creates a large 'backlog' of inmates pending transfer.

Classification and/or security constantly fails to ensure that inmates in the dungeon are housed with other inmates of the same custody status and/or categorical status (i.e. PHD and Transit/Medium, Maximum and other custody's are housed together. This creates a substantial risk of predator violent, and/or psychologically impaired inmates being placed with passive, non-violent, and/or other psychologically impaired inmates. Example: The first two inmates housed with me were sentenced to Camp J anger management program. The third came as PHD status for Agg. Disobedience and defiance rule violations. He was irritable, angry, and aggressive until after he went to Disciplinary Board (Hereafter: D.B.) court, and sentenced to another working cell block (plus other restrictions) My fourth cell mate came into my cell on PHD also. He was accused of Agg. Disobedience and a aggravated sex offense (I.e. masturbating) He too was irritable, angry, and hostile until he went to D.B. Court and sentenced to the working cell block.

### Conditions of confinement

While in dungeon, Offender Posted Policies (OPP) numbers 026, 34, and 36 predominately govern privileges and restrictions.

According to OPP #26, inmates in Adm. Seg are only allowed to purchase five dollars worth of items which are limited to: a legal supply pack; stamps; aspirin, Effergrip, and athletes foot medication if he is indigent. If the inmate has money he is allowed to purchase other correspondence materials with a spending limit up to twenty-five dollars.

OPP #035 and #036 further restricts inmates in the dungeon to the following personal possessions: towel; (1) pair of shower shoes; (1) watch; (1) watch battery; (1) wedding ring; legal papers; (15) personal letters; (2) sheets; (1) pillow; (1) pillow case; (1) mattress; (2) blankets; and one jumpsuit. Inmates are not allowed to buy any of these items via canteen because of OPP #026.

All other hygiene and personal property is withheld until the inmate is released from the dungeon. This includes underwear, socks shoes, teeshirts, and jackets.

Jumpsuits are never available "daily" as policy states They are rarely available twice a week. The jumpsuits commonly have holes, stains from other inmates feces, urine, and blood.

Towels, sheets, blankets pillow and pillow cases are not issued to inmates in the dungeon. When I asked for these necessities I was told by security that I had to wait until the shift that locked me up came on to retrieve them from my property. And a supervisor must be the one to give access to said property.

Ranking officials commonly deny access to property including legal work/materials as a means of retaliation and/or arbitrary and capricious decision making. I was not allowed access to my property until Dec. 2015. Prior to that I only had a jumper, mattress, toothbrush, toothpaste, and I was without toilet paper till it was passed out on December 23, 2015. I was given half a bar soap on December 16, 2015 at shower time and I used my paper sheet and shirt for toilet paper through the week of December 23-26, 2015. (toilet paper is passed out once a week).

Mattresses are issued via dragging them from one cell to another on the floor. When mine was dropped in front of my cell I was told to drag it under the door. No cleaning materials was ever given for inside the cell.

I was in three different cells while housed in the dungeon. The toilet in each one looked and smelled disgusting. Each was coated with calcified water, feces, mold, urine, food particles, and other unknown substances. Haircuts and shaves are done in the cells leaving hair scattered about with no access to a mop (a broom is given) The "tier" is mopped after each meal but inside the cells is unsanitary.

The lighting in the cells is inadequate whereas inmates are not allowed to use their in cell light without turning on all the lights in every cell on the tier. Thus denying in cell lighting. There is also no access to personal night lights for cell (personal) lighting needs. While reading or writing throughout any day I suffered eye strain and headaches.

Mail is only allowed in the form of general correspondence and legal correspondence. Books, newspapers, and magazines are withheld form inmates who have been to a disciplinary or protection hearing and placed on transit status regardless of their custody level without penelogical interest, and/or justification. I get five magazines and all have been withheld for the entire time of my housing in the dungeon. There is no other form of mental stimulation. There is an exercise device on some dungeon tiers, but inmates have no access to them.

There is no form of out-of-cell recreation opportunities. I was confined to cell twenty-four hours a day with the exception of a fifteen minute shower opportunity once a day for sixty three days.

The only food allowed is that which is issued by the State Officers and orderlies in charge of food preparation are not trained or required to know the restrictions on special diets.

I was often given the choice of go hungry or ignore my Rastafarian diet religious beliefs. Complaints were met with scorn or disregard.

The food was served off a steam cart but never given time to get hot. Officers wear food thermometers but never use them.

When exiting the cell for any reason inmates are handcuffed and shackled. The restraints are never sanitized. The restraints are never locked to prevent further tightening.

When going to a call-out the shackles and cuffs are left on until the inmate returns to his cell. This is hours at a time normally.

Shackles used without socks cut into the skin making them painful. Shackles are used on inmates who have already been to D.B. Court and are classified to a custody which does not require shackles to move about the prison making their use in the dungeon excessive, humiliating, and unnecessarily painful. Only Camp J Anger Management level two and three are custody levels that have been deemed necessary for restraints too and from shower. To all others this is an excessive humiliating, degrading, unnecessary use of force without penological justification.

When going to call-outs, inmates must wear their jumpsuit and shower slides, no other clothing regardless of the temperature.

Officers use chemical agents arbitrarily and capriciously without following any set of guidelines. Officers further lie as to the reason they used said force. Chemical Agents are used as a means of retaliation, Intimidation, and as a way to assault disfavored inmates. Even when the targeted inmate is not posing a threat to himself or others. (Ex. I suffered from being next door to a inmate who was sprayed on February 16, 2016, at approx. 10:30 a.m. By a Lt. Jones because the inmate would not 'be quiet'.) The ventilation was cut off so that others on the tier would be more severely affected and get the message of what would happen if others would not be quiet.

While in the dungeon, I suffered from sleep deprivation, lived in fear, discomfort, and lived in a environment of extreme deprivation against the laws of this State and Country. In cell fights were common Even with inmates who were previously non-violent.

Any policies, laws, rules, and/or regulations in place to prevent the aforementioned conditions of confinement are not being implemented. The dungeon and its living environment is meant to be a punishment, and it is, and excessively so in violation of the 1st, 8th, and 14th amendments of the U.S. Const. and the Const. of Louisiana of 1974, Art. I §§ 2, 3, 8, and 20. the common law.

"If a restriction appears to be unrelated to a legitimate governmental objective, and is, for example arbitrary or purposeless, then a court may infer that it is intended to be a punishment. Unlike punitive segregation, including punitive isolation which is imposed by way of punishment for past misconduct, administrative segregation is not punitive and it looks to the present and the future rather than the past.

The Fifth Circuit declared in 1999 that the deprivation of books, publications, property, hygiene, and canteen items to inmates in non-punitive administrative segregation constitute deprivation of the most basic psychological needs. More than mere deprivation, inmates suffer actual psychological harm from the almost total deprivation of human contact, mental stimulas, personal property, and human dignity.

Stated herein is a systematic pattern of extreme social isolation and reduced environmental stimulation. A remedy for unsafe conditions need not await a tragic event. Prison official may not use excessive force against inmates.

Each inmate must be afforded the opportunity for at least on hour of exercise a day if he is in Adm. Seg for more than three consecutive days.

I allege that the combined impact of denying me proper clothes, food, exercise, fresh air, basic hygiene (soap, deodorant, shampoo, hair grease, etc.) shower shoes, books, magazines, newspaper, lighting, bedding, toiletries and other basic necessities violated my U.S. Const., State Const. State Statutory and common law rights. (my rights)

I allege that the use of force via chemical agents as is a practice in Adm. Seg. for non penological reasons as described herein is against my rights.

## STATE CLAIMS

Captain _____ aka (Big Sexy) violated my rights of the Louisiana Constitution of 1974, Art. I § 20, Right to Humane Treatment, because of his actions described in the above paragraphs.

Captain _____ aka (Big Sexy) violated my common law rights because of his torteous acts described in the above paragraphs.

Cadet A. Robinson violated my Amendment right of the La. Const. Of 1974 Art. I § 20, Right to Humane Treatment, to be free from cruel and excessive, and unusual punishment because of her action described in the above paragraphs.

Cadet A. Robinson violated my common law rights because of her torteous acts described in the above paragraphs.

Lt. _____ Franklin violated my La. Const. Of 1974 Art. I § 20, La. Const. Of 1974 Art. I § 20, Right to Humane Treatment, to be free from cruel and excessive, and unusual punishment because of his actions and/or inactions described in the above paragraphs.

Lt. _____ Franklin violated my common law rights because of his torteous acts described in the above paragraphs.

Lt. Colonel Chad Oubre violated my La. Const. Of 1974 Art. I § 20, La. Const. Of 1974 Art. I § 20, Right to Humane Treatment, to be free from cruel and excessive, and unusual punishment because of his actions and/or inactions described in the above paragraphs.

Lt. Colonel Chad Oubre, violated my common law rights because of his torteous acts described in the above paragraphs.

Classification Officer, Mr Darryl Lee violated my La. Const. Of 1974 Art. I § 20, La. Const. Of 1974 Art. I § 20, Right to Humane Treatment, to be free from cruel and excessive, and unusual punishment because of his actions and/or inactions in the above paragraphs.

Classification Officer, Mr Darryl Lee violated my common law rights because of his torteous acts described in the above paragraphs.

James Leblanc, Secretary violated my La. Const. Of 1974 Art. I § 20, La. Const. Of 1974 Art. I § 20, Right to Humane Treatment, to be free from cruel and excessive, and unusual punishment because of his actions and/or inactions described in the above paragraphs.

James Leblanc, Secretary violated my common law rights because of his torteous acts described in the above paragraphs.

Jeff Travis, Policy-Maker/Approver violated my La. Const. Of 1974 Art. I § 20, La. Const. Of 1974 Art. I § 20, Right to Humane Treatment, to be free from cruel and excessive, and unusual punishment because of his actions and/or inactions described in the above paragraphs.

Jeff Travis, Policy-Maker/Approver violated my common law rights because of his torteous acts described in the above paragraphs.

Assistant Warden, Barret Boeker, violated my La. Const. Of 1974 Art. I § 20, La. Const. Of 1974 Art. I § 20, Right to Humane Treatment, to be free from cruel and excessive, and unusual punishment because of his actions and/or inactions described in the above paragraphs.

Assistant Warden, Barret Boeker violated my common law rights because of his torteous acts described in the above paragraphs.

Warden Burl Cain, Policy, Maker/Approver, violated my La. Const. Of 1974 Art. I § 20, La. Const. Of 1974 Art. I § 20, Right to Humane Treatment, to be free from cruel and excessive, and unusual punishment because of his actions and/or inactions described in the above paragraphs.

Warden Burl Cain Policy, Maker/Approver violated my common law rights because of his torteous acts described in the above paragraphs.

Warden Darrell Vannoy Policy-Maker/Approver, violated my La. Const. Of 1974 Art. I § 20, La. Const. Of 1974 Art. I § 20, Right to Humane Treatment, to be free from cruel and excessive, and unusual punishment because of his actions and/or inactions described in the above paragraphs.

Warden Darrell Vannoy Policy-Maker/Approver violated my common law rights because of his torteous acts described in the above paragraphs.

Trish Foster (Warden Designee) violated my La. Const. Of 1974 Art. I § 20, La. Const. Of 1974 Art. I § 20, Right to Humane Treatment, to be free from cruel and excessive, and unusual punishment because of his actions and/or inactions described in the above paragraph(s).

Trish Foster (Warden Designee) violated my common law rights because of his torteous acts described in the above paragraphs.

Captain Melissa Butler, violated my La. Const. Of 1974 Art. I § 20, La. Const. Of 1974 Art. I § 20, Right to Humane Treatment, to be free from cruel and excessive, and unusual punishment because of his actions and/or inactions described in the above paragraphs.

Captain Melissa Butler violated my common law rights because of his torteous acts described in the above paragraphs.

Tim Delaney Assistant Warden II, violated my La. Const. Of 1974 Art. I § 20, La. Const. Of 1974 Art. I § 20, Right to Humane Treatment, to be free from cruel and excessive, and unusual punishment because of his actions and/or inactions described in the above paragraphs.

Tim Delaney Assistant Warden II violated my common law rights because of his torteous acts described in the above paragraphs.

Chad Menzina, Assistant Warden III, violated my La. Const. Of 1974 Art. I § 20, La. Const. Of 1974 Art. I § 20, Right to Humane Treatment, to be free from cruel and excessive, and unusual punishment because of his actions and/or inactions described in the above paragraphs.

Chad Menzina, Assistant Warden III, violated my common law rights because of his torteous acts described in the above paragraphs.

Deputy Warden Leslie Dupont (Unit Head Respondent for Step 1 ARP response) violated my La. Const. Of 1974 Art. I § 20, La. Const. Of 1974 Art. I § 20, Right to Humane Treatment, to be free from cruel and excessive, and unusual punishment because of his actions and/or inactions described in paragraph(s).

Deputy Warden Leslie Dupont violated my common law rights because of his torteous acts described in the above paragraphs.

**Each defendant is sued in his/her individual and official capacity for his/her actions alleged herein while acting under the color of state law.**

Captain _____ aka (Big Sexy) violated my 8th Amendment U.S. Constitutional right to be free from cruel and unusual punishment because of his action described in the above paragraphs

Lt. _____ Franklin violated my 8th Amendment U.S. Constitutional right to be free from cruel and unusual punishment because of his action described in the above paragraphs

Lt. Colonel Chad Oubre, violated my 1st, 8th and 14th Amendment of the U.S. Const. (I.e. the right to free exercise of religion, speech, press, to be free from cruel and unusual punishment, due process, and the equal protection of the laws for his actions and/or inactions as described in the above paragraphs.

Classification Officer, Mr Darryl Lee violated my 1st, 8th and 14th Amendment of the U.S. Const. (I.e the right to free exercise of religion, speech, press, to be free from cruel and unusual punishment, due process, and the equal protection of the laws for his actions and/or inactions as described in the above paragraphs.

James Leblanc, Secretary of D.O.C. Did and is continuing to violate my 1st, 8th and 14th Amendment of the U.S. Const. (I.e. the right to free exercise of religion, speech, press, to be free from cruel and unusual punishment, due process, and the equal protection of the laws for his actions and/or inactions as described in the above paragraphs.

Jeff Travis, Policy-Maker/Approver violated my 1st, 8th and 14th Amendment

Assistant Warden, Barret Boeker violated my 1st, 8th and 14th Amendment of the U.S. Const. (I.e. the right to free exercise of religion, speech, press, to be free from cruel and unusual punishment, due process, and the equal protection of the laws for his actions and/or inactions as described in the above paragraphs.

Warden Burl Cain Policy, (Unit Head) Maker/Approver violated my 1st, 8th and 14th Amendment.

Warden Darrell Vannoy (Unit Head) Policy-Maker/Approver, violated my 1st, 8th and 14th Amendment.

Trish Foster (Warden Designee), did and is continuing to violated my 1st, 8th and 14th Amendment

Captain Melissa Butler, Disciplinary Board Office- (Administrative Officer) violated my 1st, 8th and 14th Amendment.

Tim Delaney Assistant Warden II./ad bld. (Step 1 ARP prepared by) did and is continuing to violate my 1st, 8th and 14th Amendment.

Chad Menzina, Assistant Warden III, and D.B. (Step 1 ARP approval of response) violated my 1st, 8th and 14th Amendment.

Deputy Warden Leslie Dupont (Unit Head for Step 1 ARP response) did and is continuing to violate my violated my 1st, 8th and 14th Amendment.

## RELIEF CONTINUED

I request that inmates on Transit Status be given all of their property which they would be allowed in their regular housing assignment.

I request that inmates in Adm. Seg. Be allowed to purchase items from the canteen in accordance to their custody status.

I request that books, newspapers, and magazines be allowed to inmates in Adm Seg. On transit status.

I request that inmates in Adm. Seg. Be given at least one hour of recreation outside of their cells each day after seventy two of being Adm. Seg.

I request that inmates in Adm. Seg. Whom are not on suicide watch be allowed to have underwear, T-shirts, and socks.

I request that haircuts be done outside of the tier.

I request that Offender Posted Policies Numbers 026, 034, 035, and 036 be rescinded as unconstitutional/unlawful.

I request that jumpsuits in the dungeon be washed daily and that enough is provided so that each inmate can have the size he needs.

I request that insanitary jumpsuits be disguarded.

I request that mattresses not be drug from on place to the next on the floor.

I request that cleaning materials be given for toilet, and in cell use as needed.

I request that toiletries be given to inmates being placed in Adm Seg. as well as bedding.

I request that inmates be allowed access to a night light and throughout each day access to the cell light.

I request that the food be served in nutritional, adequate amounts, for all diets, and that it be as hot as policy requires.

I request that shackles only be used for those whose custody require such and for call-outs (From cell to shower is unnecessary for a working cell block inmate, an extended lock down inmate, or general population inmate).

I request that restraints be locked when placed on inmates.

I request that restraints be sanitized after each use.

I request that chemical agents only be allowed as a means of stopping an imminent threat to ones self or others.

I request 2,500,000.00 for compensational damages.

I request 2,500,000.00 in punitive damages.

I request that defendants be forced to pay for all court cost and fees.

violate my violated my 1st, 8th and 14th Amendment.

**Each defendant is sued in his/her individual and official capacity for his/her actions alleged herein while acting under the color of state law.**

## HISTORY OF PREVIOUS LAWSUITS

1. ) Parties:   Robert L. Clark, Jr. and Robert L. Clark, Sr.
   (Plaintiff's)
   Brad Burger, Gail Turner, Louis B. Gohmert, Clerks Office, and 7th Dist. Court
   (Defendants)

   Court: 114th Judicial Court of Smith County, Tx.
   Docket: 98-1708B
   Judge whom case was assigned: Honorable Cynthia Kent
   Disposition: Settled of of court, appealed, settled again
   Date of Filing: 7-16-98
   Date of Disposition: 9-3-99, Appeal dropped approx. Aril, 2001

2. Parties: Plaintiff- Robert L. Clark, Jr.
   Defendant- Kelly Strong
   Court: United States District Court for the Southern Dist. Of Texas, Corpus Christi Div.
   Docket C-04-006
   Name of Judge to whom case was assigned: Chief Judge Hayden W. Head, Jr. referred the case to the Honorable Magistrate Judge B.J. Ellington
   Disposition: Out of Court Settlement
   Date of Filing: January 5, 2004
   Date of Disposition: October 12, 2006